IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Angelia H. Beckham,<br><br>       Plaintiff,<br>  v.<br><br>Copart of Connecticut, Inc.,<br><br>       Defendant. | C/A. No. 3:17-cv-603-CMC-SVH<br><br>**Opinion and Order** |

Through this action, Plaintiff Angelia H. Beckham ("Plaintiff") seeks recovery from her former employer, Defendant Copart of Connecticut, Inc. ("Defendant") for events surrounding and including termination of her employment. Plaintiff asserts four causes of action arising under the Americans with Disabilities Act and under state law. ECF No. 1-1. Plaintiff originally filed her Complaint in state court, Defendant removed to this court, after which Plaintiff filed an Amended Complaint. ECF Nos. 1, 1-1, 10.

The matter is before the court on Defendant's motion to compel arbitration and to stay the case, arguing Plaintiff signed the acknowledgement page of her employee handbook, which contained an arbitration agreement, multiple times during the course of her employment. ECF No. 17.[1] Plaintiff filed a memorandum in opposition to Defendant's motion to compel arbitration, arguing the arbitration clause was part of the employee handbook, and citing a Fourth Circuit case declining to compel arbitration because the employee handbook in that case noted it did not create a binding contract. ECF No. 20; *Lorenzo v. Prime Commc'ns, L.P.*, 806 F.3d 777 (4th Cir. 2015).

---

[1] Defendant has also filed a motion to dismiss for failure to state a claim. ECF No. 9.

Defendant filed a reply in support of its motion distinguishing this case from *Lorenzo*. ECF No. 21.

For reasons set forth below, the motion to compel arbitration and to stay this action is granted. Defendant's motion to dismiss (ECF No.9) is moot.

## BACKGROUND

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On July 17, 2017, the Magistrate Judge issued a Report recommending Defendant's motion to compel arbitration and to stay be granted and Defendant's motion to dismiss be rendered moot. ECF No. 22.

The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections on July 26, 2017. ECF No. 23. Defendant did not file a response, and the time for doing so has passed. The matter is now ripe for resolution.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a specific objection, the court reviews only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) ("in the absence of a timely filed

objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note))

## DISCUSSION

Plaintiff objects to the recommendation to grant the motion to compel arbitration because she asserts the Magistrate Judge erred in distinguishing *Lorenzo* and determining the arbitration clause was otherwise enforceable. ECF No. 23 at 3.

Plaintiff cites *Lorenzo* for the proposition that an arbitration clause in an employee handbook is unenforceable when the handbook's "acknowledgement form explicitly stated the handbook does not create a contract." *Id.* at 5 (citing *Lorenzo*, 806 F.3d at 780). Further, Plaintiff argues the language of the handbook in this case and in *Lorenzo* is "nearly identical" and therefore the Report should not be adopted and arbitration should not be compelled. *Id.* at 7.

The Magistrate Judge found *Lorenzo* did not apply because that case involved the application of North Carolina contract law, and included a second acknowledgement signed by the plaintiff acknowledging "the terms of the employee handbook, including its arbitration provision, were guidelines only and did not create any binding commitments." ECF No. 22 at 6 (citing *Lorenzo*, 806 F.3d at 782). In this case, the Magistrate Judge reasoned, no separate document with a similar acknowledgement regarding the terms of the handbook has been provided. *Id.*

Upon conducting a de novo review of the record, motion and responses, the Report, and Plaintiff's objections, the court agrees with the Magistrate Judge that *Lorenzo* is distinguishable and Plaintiff's claims are subject to arbitration. In *Lorenzo*, the Fourth Circuit agreed with the District Judge the defendant failed to produce evidence the plaintiff agreed to arbitrate any of her claims. *Lorenzo*, 806 F.3d at 779. The plaintiff in *Lorenzo* received an employee handbook that

3

committed "all employment issues" to internal dispute resolution, then mediation, and finally arbitration, and noted employees "waived all rights to bring a lawsuit and to a jury trial regarding any dispute." *Id.* at 780. The plaintiff signed a form acknowledging receipt of the handbook, which specifically noted "no provision should be construed to create any bindery [sic] promises or contractual obligations between the Company and the employees (management or non-management). . .I understand that the information contained in the Handbook are guidelines only and are in no way to be interpreted as a contract." *Id.* When the defendant moved to compel arbitration, the Fourth Circuit relied on this provision in finding the plaintiff signed "an acknowledgement form providing that the terms of the Employee Handbook, including its arbitration provision, were 'guidelines only' that did not create any binding commitments." *Id.* at 782. Therefore, the court held the acknowledgement form "expressly disclaimed" any agreement to be contractually bound by the handbook. *Id.*

In the instant case, the employee handbook and acknowledgement page are readily distinguishable from those in *Lorenzo*. Although Plaintiff is correct the arbitration clause is part of the employee handbook in both cases, differences in the plain language of the handbook and acknowledgement require a different result in this case. The acknowledgement in this case explicitly covers dispute resolution and arbitration, separate from the at-will employment section of the acknowledgement.[2] ECF No. 21-1. The section titled "dispute resolution policy and agreement," states: "[m]y signature below certifies that I understand and agree to be bound by this

---

[2] The At-Will Employee section of the acknowledgement notes the employee's signature certified he or she "understand[s] that this agreement and the at-will status of [his/her] employment with the Company is the sole and entire agreement between the Company and [him/her]self concerning the duration of [his/her] employment."

4

Dispute Resolution Policy and Agreement . . .This Agreement is the full and complete agreement relating to the formal resolution of employment-related disputes." By signing the form, Plaintiff "attest[ed] to the fact that [she had] read, underst[ood], and agree[d] to be legally bound by all the of above terms in this handbook acknowledgement and agreement." *Id.* Therefore, not only do the handbook and acknowledgement cure the problem in *Lorenzo*, they go further to ensure the employees signing the acknowledgment understand their options regarding dispute resolution – as confirmed multiple times in the Handbook Acknowledgement and Agreement.

Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Defendant's motion to compel arbitration is granted, and this matter is stayed pending arbitration. Therefore, this matter is no longer referred to the Magistrate Judge. The parties are directed to initiate arbitration within 14 days and file a status report no later than 180 days from the date of entry of this Order.

## CONCLUSION

For reasons set forth above, the court adopts the recommendations and rationale of the Report as supplemented above, grants Defendant's motion to compel arbitration, and stays this matter pending the outcome of arbitration.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 22, 2017